The Honorable Tom Sawyer State Representative, Ninety-Fifth District 1041 S. Elizabeth Street Wichita, Kansas 67213
Dear Representative Sawyer:
As representative for the ninety-fifth district, you request our opinion regarding whether a unified school district may enter into an agreement with a private business, the terms of which would require sale to the private business of products manufactured by pupils of the school district using materials and facilities owned by the school district. The sale of the products manufactured by the pupils appears to result in competition with other private businesses.
School districts and other subdivisions of the state have only such powers as are conferred upon them by statute, specifically or by clear implication, and any reasonable doubt as to the existence of such power should be resolved against its existence. Hobart v. U.S.D. No. 309,230 Kan. 375, 383 (1981). Pursuant to K.S.A. 72-8201, a unified school district may "execute contracts and hold such real and personal property as it may require (acquire) [and] possess the usual powers of a corporation for public purposes." Included in the powers of a unified school district is that power expressly provided in K.S.A. 72-8212:
 "(d) The board of education shall have the title to and the care and keeping of all school buildings and other school property belonging to the district. . . . School buildings and other school properties no longer needed by the school district may be disposed of by the board upon the affirmative recorded vote of not less than a majority of the members of the board at a regular meeting. The board may dispose of the property in such manner and upon such terms and conditions as the board deems to be in the best interest of the school district. (Emphasis added.)
Manufacture by the pupils does not alter title to the property. The products manufactured by the pupils remain property of the unified school district. The board of education may dispose of the products in such manner and upon such terms and conditions as the board deems to be in the best interest of the school district. The fact that the choice of disposal selected by the board of education results in competition with a private business may be a factor weighed by the board in making its selection. However, the fact that such competition will occur does not statutorily preclude a board of education from selecting a particular form of disposal.
The legislature has expressly addressed disposal of buildings constructed as part of a vocational education program of a unified school district.
 "The board of education of any school district may sell at auction, by sealed bids or at a public or private sale any school property including building sites and buildings thereon which were constructed, reconstructed, repaired, modified, remodeled, furnished or equipped as part of a vocational educational program of the school district by pupils enrolled therein or by pupils enrolled in and attending an area vocational school operated under the board of education. The provisions of K.S.A. 72-8212
shall not apply to any transaction authorized by this section." K.S.A. 72-8232.
K.S.A. 72-8232 appears to be a limitation on the authority of a board of education in disposing of building sites and buildings which were manufactured as part of a vocational education program. Such property may be disposed of only at auction, by sealed bids, or at a public or private sale. The legislature, however, has not provided that a board of education must conduct the disposal of property pursuant to K.S.A. 72-8232
in such manner as to ensure that competition with private business does not occur.
Given the power of a school district to contract and the authority of the board of education to dispose of property of the school district, it is determined that a board of education may enter into an agreement with a private business, the terms of which would require sale to the private business of products manufactured by pupils of the school district using materials and facilities owned by the school district. Such partnerships with private business may actually have been encouraged by the 1990 legislature. See L. 1990, ch. 300 (Senate Concurrent Resolution No. 1613).
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm